```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
1011 RAM AMA, LLC f/k/a 1011 RAM            :
FAIRFIELD AMA, LLC                          :
                                            :
                              Plaintiff,    :    Case No. 1:24-CV-05596 (JPO)
                                            :
       - against -                          :
                                            :
MT. HAWLEY INSURANCE COMPANY,               :
                                            :
                              Defendant.    :
-------------------------------------------------------------X
```

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

This Confidentiality Stipulation and Protective Order (the "**Order**") is entered into by and among Plaintiff 1011 Ram AMA, LLC f/k/a 1011 Ram Fairfield AMA, LLC ("**Plaintiff**") and Defendant Mt. Hawley Insurance Company ("**Defendant**") in the above-captioned action (the "**Action**"). The Plaintiff and Defendant shall be referred to herein individually as a "**Party**" and, collectively, as the "**Parties**."

### Recitals

WHEREAS, the Parties have sought or may seek certain Discovery Material (defined below) from one another with respect to the Action, including through informal requests, motions, document requests, interrogatories, depositions, and other discovery requests (collectively, "**Discovery Requests**") as provided by the Federal Rules of Civil Procedure (the "**FRCP**") and the Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "**Local Rules**"); and

WHEREAS, the Parties anticipate that certain persons or entities who are not parties to the Action ("**Non-Parties**") may be served with Discovery Requests, in connection with the

Action; and

WHEREAS, the Parties have agreed that Discovery Materials shall be subject to a protective order, pursuant to FRCP 26, to protect both privilege and the confidentiality of sensitive information;

NOW, THEREFORE, to facilitate and expedite the production, exchange, and treatment of Discovery Material, to facilitate the prompt resolution of disputes over confidentiality, and to protect Discovery Material that a Party or Non-Party seeks to maintain as confidential, the Parties stipulate and agree as follows:

1. Any person subject to this Order who receives from any other person subject to this Order any "**Discovery Material**" (*i.e.*, information of any kind produced or disclosed pursuant to and in the course of discovery in this Action) that is designated as "**Confidential**" pursuant to the terms of this Order (hereinafter "**Confidential Discovery Material**") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as "Confidential" only such portion of such material that consists of sensitive or proprietary non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the reasonable good faith of the producing person ("**Producing Person**"), result in potential harm to the producing person's business, commercial, financial, or personal interests or reputation, or cause the Producing Person to violate confidentiality obligations to others.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the

protected portion in a manner that will not interfere with legibility or audibility. The failure to designate Discovery Material as "Confidential" *does not* constitute in any manner a waiver of such claim, and a Producing Person may so designate Discovery Material after such Discovery Material has been produced in accordance with the terms of this Order, with the effect that such Discovery Material is subject thereafter to the protections of this Order.

4. With respect to deposition transcripts, a Producing Person or that person's counsel may indicate on the record during the deposition that a question calls for Confidential information, in which case the transcript of the designated testimony (consisting of question and answer) shall be bound in a separate volume marked "**Confidential Information Governed by Protective Order**" or something to that effect by the court reporter. Deposition testimony may also be designated as "Confidential" within 30 days of receipt of the transcript and/or the specific exhibits that are to be designated "Confidential." If so designated, the final transcript of the designated testimony shall be bound in a separate volume marked "Confidential Information Governed by Protective Order" or something to that effect by the court reporter.

5. If at any time prior to the trial of this Action, a Producing Person realizes that some portion(s) of Discovery Material that the person previously produced without limitation should be designated as "Confidential," the Producing Person may so designate by notifying all recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as "Confidential" under the terms of this Order. In addition, the Producing Person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within three (3) business days of providing such notice.

6. The parties may object in good faith to the designation of confidentiality. Any such objection should be made in writing and sent to the party or nonparty making the confidentiality designation, and include identification of the document(s) to which the objection is directed and the grounds for the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to the Court. A Receiving Party shall not be obliged to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The failure of any Party to challenge the designation by a Producing Person of Discovery Materials as "Confidential" during the discovery period shall not be deemed or construed as a waiver of the right of that Party to object to the designation at any evidentiary hearing or trial.

7. No person subject to this Order other than the Producing Person shall disclose any of the Discovery Material designated by the Producing Person as "Confidential" to any other person whomsoever, except to:

    a. the Parties to this Action, including their senior management, owners, directors, and employees, as well as their insurers, and counsel to their insurers;

    b. counsel retained specifically for this Action, including any attorney, paralegal, clerical and other assistant employed by such counsel or law firm and assigned to or working specifically on this matter;

    c. outside vendors or service providers (such as independent copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system or e-discovery;

    d. any mediator or arbitrator or their representatives that the Parties engage in this matter or that this Court appoints, provided such person has first signed a declaration in the form provided as Schedule A hereto and delivered same to counsel to the Receiving Party;

    e. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

  f. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this Action, provided such person has first signed a declaration in the form provided as Schedule A hereto and delivered same to counsel to the Receiving Party;

  g. outside advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by a Receiving Party and who have signed a declaration in the form provided as Schedule A hereto and delivered same to counsel to the Receiving Party;

  h. court reporters or stenographers or technicians engaged to transcribe and/or record depositions or hearings conducted in this Action; and

  i. this Court, including any appellate court, and the court reporters and support personnel for the same.

  8. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f) or 7(g) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form annexed hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial).

  9. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this Action serve upon counsel for the receiving party (**"Receiving Party"**) a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with this Court's Individual Rules and Practices in Civil Cases.

  10. The limitations on disclosure in this Order shall not apply to any Discovery Materials offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph. As part of any pretrial conference or any meet-and-confer regarding

the use of exhibits in any evidentiary hearing, and at least forty-eight (48) hours prior to the use of any Designated Material at trial or any hearing to be held in open court or as soon as reasonably practicable, counsel for any Party who desires to offer or use such Confidential Discovery Material at trial or any hearing to be held in open court shall meet and confer in good faith with the Producing Person, together with any other Parties who have expressed interest in participating in such meet-and-confer, to discuss whether the Producing Person will consent to the use of such Confidential Discovery Material at trial or any hearing to be held in open court, or to otherwise discuss ways to handle the use of any Confidential Discovery Material at the hearing, so that the material may be offered or otherwise used by any Party, in accordance with the provisions of the FRCP, Local Rules, and Federal Rules of Evidence. If the Parties are unable to resolve a dispute related to such Confidential Discovery Material, then the Producing Person, or other person or entity asserting confidentiality, bears the burden of requesting relief from the Court and, in the absence of such relief, there shall be no limitations on the ability of the Parties to offer or otherwise use such Confidential Discovery Material at trial or any hearing held in open court.

11. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within five (5) business days of receiving the request, the Receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the Receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the Receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

12. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this Action and any appeals thereto, and

specifically (and by way of example and not limitation) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this Action. Nor does anything contained in this Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the FRCP. For the avoidance of doubt, "Confidential" does not include information or material that: (a) is or becomes generally available to the public other than as a result of a disclosure by a Receiving Party in violation of this Order or another improper disclosure by any person; (b) was available to the Receiving Party on a non-confidential basis prior to its disclosure by the Producing Person; (c) becomes available to the Receiving Party on a non-confidential basis from a person or entity or other than the Producing Person who is not otherwise bound by a confidentiality agreement, confidentiality obligation by operation of law, or court order prohibiting disclosure of such information; or (d) has been independently developed by the Receiving Party.

13. Nothing in this Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the Producing Person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Person deems it appropriate to do so.

14. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. In the event a party learns of a data breach or other cybersecurity event that may have led to unauthorized or inadvertent disclosure of Confidential Discovery Material, the party should notify all other parties as soon as practicable.

15. In addition to the terms of any applicable agreements and Court orders, the parties agree to abide by the obligations set forth in FRCP 26(b)(5)(B) and Federal Rules of Evidence 502 with respect to the inadvertent production or other possession of privileged or work-product protected material.

16. If, during the course of this litigation, a party reasonably determines that any document produced by another party or non-party or otherwise in their possession, custody or control is potentially subject to a legally recognizable privilege or work-product protection ("**Protected Document**"), the party who has such Protected Document shall: (1) refrain from reviewing the Protected Document any more closely than is necessary to ascertain that it is potentially privileged or otherwise protected from disclosure; (2) immediately notify the Producing Person in writing that it has discovered documents believed to be privileged or protected; (3) specifically identify the Protected Document(s) by either Bates number range or date, author, recipient(s) and general subject matter; and (4) within three (3) days of discovery by such party, return or destroy all copies of such Protected Document(s), along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of such party, that party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Document

cannot possibly be returned or destroyed, such Protected Document shall not be reviewed, disclosed, or otherwise used by that party.

17. If the Producing Person intends to assert a claim of privilege or other protection over documents identified by the other party as Protected Documents, the Producing Person will promptly inform the Receiving Party of such intention in writing and shall thereafter provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the FRCP, setting forth the basis for the claim of privilege or protection. In the event that a material portion of a Protected Document does not contain privileged or protected information, the Producing Person shall also provide to the other party a redacted copy of the document that omits the information that the Producing Person believes is subject to a claim of privilege and/or other protection.

18. If, during the course of litigation, a party determines that it has produced a Protected Document, the Producing Person shall notify, in writing, the Receiving Party within five (5) business days of discovering that it inadvertently produced the Protected Document, and demand the return of such document. Such notice shall be in writing; however, it may be delivered orally on the record at a deposition, promptly followed in writing. The Producing Person's written notice will identify the Protected Document by Bates number range, the privilege or protection claimed, and the basis for asserting the privilege, and shall provide the Receiving Party with a log for such Protected Document(s) that is consistent with the requirements of the FRCP. The Receiving Party must then immediately return or destroy the Protected Document(s) and any copies. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Document(s) cannot possibly be returned or

destroyed, they shall not be reviewed, disclosed or otherwise used by the Receiving Party. If the Receiving Party disclosed the Protected Document prior to the written notice described above, it must take reasonable steps to retrieve it.

19. The Receiving Party's return or destruction of a Protected Document as provided herein will not act as a waiver of that party's right to move for production of the returned or destroyed document(s) on the ground that the documents are not in fact subject to a viable privilege or protection.

20. Nothing contained herein is intended to, or shall, serve to limit a party's rights regarding a Protected Document under prior stipulation, court orders, or applicable law.

21. The provisions of this Order shall survive the final termination of the Action for any Confidential Discovery Material. The final termination of the Action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Discovery Material pursuant to this Order, and the Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce the terms of this Order.

22. This Order may be changed by further order of this Court. Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time, or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Order.

23. Nothing in this Order affects the right of any Producing Person to use or disclose its own Confidential Discovery Material in any way. If a Producing Person uses its own Confidential Discovery Material in a hearing (without taking steps to maintain the confidentially of such Confidential Discovery Material (*e.g.*, to be viewed in camera or empty the courtroom)),

unredacted court filing, or any other public forum, such disclosure waives all Confidential designations for that Confidential Discovery Material.

24. Nothing herein shall be deemed to prevent a Party or Non-Party from objecting to any discovery requests or from seeking additional or further limitations on the use or disclosure of any Discovery Material, regardless of whether that Discovery Material has been designated as Confidential Discovery Material. Nothing herein shall constitute a waiver or relinquishment of any objections to the discoverability or admissibility of any document or information that is or may be the subject of any discovery request.

25. Nothing herein shall relieve a party of its obligations under the FRCP, Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to discovery requests in connection with the Action.

26. This Order shall be legally binding on the parties and all those persons who are authorized to receive Confidential Discovery Material upon execution of it by counsel and prior to it being So Ordered by the Court.

*[Remainder of page intentionally left blank]*

STIPULATED AND AGREED TO:

Dated: New York, New York
       March 27, 2025

                                MORRISON COHEN LLP

                                By: _____
                                    Edward P. Gilbert
                                    Heath D. Rosenblat
                                    Jay R. Speyer
                                    Hallie McDonald

                                909 Third Avenue, 27th Floor
                                New York, New York 10022
                                (212) 735-8600

                                *Attorneys for 1011 Ram AMA, LLC f/k/a 1011 Ram Fairfield AMA, LLC*

Dated: Dallas, Texas
       March 27, 2025

                                QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.

                                By: _____
                                Greg K. Winslett (admitted *pro hac vice*)
                                Michael D. Feiler (admitted *pro hac vice*)

                                2001 Bryan Street, Suite 1800
                                Dallas, Texas 75201
                                (214) 871-2100

                                -and-

                                CHARTWELL LAW
                                Mathew Kraus
                                Andrew Furman
                                One Battery Park Plaza, Suite 710
                                New York, New York 10004
                                (212) 968-2300

                                *Attorneys for Mt. Hawley Insurance Company*

SO ORDERED.

Dated: March 31, 2025
      New York, New York

                                                         _____
                                                              J. PAUL OETKEN
                                                          United States District Judge

## **Schedule A**

Non-Disclosure Agreement

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
1011 RAM AMA, LLC f/k/a 1011 RAM
FAIRFIELD AMA, LLC                           :
                                             :
                           Plaintiff,   :   Case No. 1:24-CV-05596 (JPO)
                                             :
       - against -                          :
                                             :   **NON-DISCLOSURE**
MT. HAWLEY INSURANCE COMPANY,                :   **AGREEMENT**
                                             :
                          Defendant.   :
-----------------------------------------------------------X

     I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permissions of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Date: _____

                                                                        _____
                                                                            Signature